THE CATHOLIC SOCIETY OF RELIGIOUS AND LITERARY EDUCATION v. A. C. GENTRY, TREASURER OF THE TOWN OF HOT SPRINGS AND THE TOWN OF HOT SPRINGS.

(Filed 14 October, 1936.)

Taxation B d—

Property of a foreign religious corporation used for educational and charitable purposes in this State *held* not exempt from taxation under C. S., 7971 (17) (19).

APPEAL by plaintiff from *McElroy, J.,* at May Term, 1936, of MADISON. Affirmed.

This is an action to recover a sum of money which was paid by the plaintiff to the defendants on 20 October, 1931, as taxes for the years 1928, 1929, 1930, and 1931, on property, real and personal, which was owned by the plaintiff during each of said years, and is situate within the corporate limits of the town of Hot Springs, Madison County, North Carolina.

The action was begun in the Superior Court of Madison County.

The defendants demurred to the complaint on the ground (1) that the court had no jurisdiction of the subject matter of the action, and (2) that the facts stated in the complaint are not sufficient to constitute a cause of action. The demurrer was overruled as to the first ground, and sustained as to the second ground.

From judgment dismissing the action, the plaintiff appealed to the Supreme Court, assigning as error the ruling of the trial court sustaining the demurrer on the second ground.

*Carter & Carter for plaintiff.*
*James E. Rector for defendants.*

PER CURIAM. This appeal involves only the ruling of the trial court sustaining the demurrer of the defendants to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action. The ruling that the court had jurisdiction of the subject matter of the action is not presented for review on this appeal. The ruling, however, was manifestly correct. The action is authorized by statute, C. S., 7971. It is alleged in the complaint that all the statutory requirements had been complied with by the plaintiff before the commencement of the action. This is admitted by the demurrer.

It is alleged in the complaint that the plaintiff is a corporation, organized under the laws of the State of Louisiana. It is therefore a foreign corporation, and for that reason its property, real and personal, situate in this State, although held and used exclusively for religious, educational, or charitable purposes, is not exempt from taxation under the provisions of C. S., 7971 (17), and C. S., 7971 (19). See C. S., 7971 (87). Each of these statutory provisions was in force and effect during the years 1928, 1929, 1930, and 1931.

The judgment is
Affirmed.