THE COUNTY OF MADISON AND THE TOWN OF HOT SPRINGS v. CATHOLIC SOCIETY OF RELIGIOUS AND LITERARY EDUCATION,

and

JAMES E. RECTOR, INTERVENER, v. THE TOWN OF HOT SPRINGS, RESPONDENT.

(Filed 2 March, 1938.)

1. Trial § 32—

A party desiring more specific instructions on subordinate features of the charge must aptly tender request therefor.

2. Attorney and Client § 9: Appeal and Error § 37d—

The amount allowed by the jury's verdict in an action by an attorney to recover upon *quantum meruit* for services rendered is conclusive in the absence of a showing of prejudicial error on the trial.

**3. Appeal and Error § 38—**

The burden is on appellant to show prejudicial error, as the presumption is against him.

APPEAL by intervener James E. Rector from *Johnston, J.,* and a jury, at September Civil Term, 1937, of MADISON. No error.

In an order and decree at February Term, 1937, by *Sink, J.,* in the above entitled cause is the following: "The petitioner James E. Rector is ordered and directed to file with the town of Hot Springs, or their attorney, within ten days, a complaint setting forth his account, and the town of Hot Springs shall file with the said James E. Rector, or his attorney, within ten days thereafter, an answer setting forth any alleged defenses that it may have to the same. This order and decree is concurred in, approved, and consented to by each and every party to said litigation."

James E. Rector, the intervener, in accordance with the order and decree, filed a complaint against the town of Hot Springs alleging it was indebted to him for services performed as an attorney in certain tax suits involving the taxing of the Catholic Society of Religious and Literary Education, owning some 165 acres of land and more than 22 per cent in value of all taxable real estate in Hot Springs. The said Rector alleges in part that he "is justly entitled to be compensated for his services on the basis of customary charges for similar services, and by virtue of his contract for a contingent fee and by operation of law, he is the equitable owner of an undivided one-fourth interest in said recovery of $4,295.66, or of the sum of $1,073.91, out of the funds paid into this court by the defendant Catholic Society of Religious and Literary Education, pursuant to the judgment herein rendered.

"Wherefore, petitioner humbly prays that by an appropriate order, judgment and decree of the court, he be adjudged to be the owner of one-fourth interest in said judgment of the funds paid into court by the judgment debtor, and that he have and recover of the plaintiff town of Hot Springs all such other, further and different relief as to the court may seem just and equitable."

The defendant town of Hot Springs answers in part: "That since the filing of the complaint in this action respondent the town of Hot Springs has paid the said James E. Rector considerably more than his services actually amounted to. That since the intervening of the said James E. Rector in this action a voucher was issued to him for the balance claimed by him for his services, in the sum of $95.82, marked 'Payment in full for services in connection with Catholic Tax Suit.' That the said James E. Rector endorsed said voucher and obtained cash for same; that as hereinbefore alleged the respondent the town of Hot Springs has

paid the said James E. Rector $1,600 for his services in connection with the collection of taxes from the Catholic Society. That this respondent is not indebted to said James E. Rector in any amount whatsoever."

The intervener Rector made motions in apt time to strike out certain parts of the answer as impinging Consolidated Statutes, 519 and 537. Part was stricken out. Those left we do not think prejudicial.

The following issue was submitted to the jury and the answer thereto:

"1. Is the defendant the town of Hot Springs indebted to the plaintiff James E. Rector, and if so, in what amount? A. '$50.00.'"

Judgment was rendered on the verdict. The intervener Rector made numerous exceptions and assignments of error and appealed to the Supreme Court.

*J. Scroop Styles and James E. Rector, in propria persona, for intervener Rector.*

*Roberts & Baley and John H. McElroy for town of Hot Springs.*

PER CURIAM. In the case of *Catholic Society v. Gentry,* 210 N. C., 579 (580), this Court held: "It is alleged in the complaint that the plaintiff is a corporation organized under the laws of the State of Louisiana. It is therefore a foreign corporation, and for that reason its property, real and personal, situate in this State, although held and used exclusively for religious, educational, or charitable purposes, is not exempt from taxation under the provisions of C. S., 7971 (17), and C. S., 7971 (19). See C. S., 7971 (87). Each of these statutory provisions was in force and effect during the years 1928, 1929, 1930, and 1931."

The intervener Rector in the above case appeared for the defendant and sustained the town's right to tax the Society. In the present action Rector claims the town owes him the sum of $1,073.91 for services rendered in tax suits. This the town denied, and answered that it "is not indebted to said James E. Rector in any amount whatsoever." We do not think any of the exceptions and assignments of error made by Rector can be sustained. The theory of the trial in the court below was on *quantum meruit.* The defendant town of Hot Springs contended that the former case on appeal in this Court settled the issue that the Catholic Society was liable for the town tax and there could be no controversy about the tax thereafter. The court below, we think, fairly charged the law applicable to the facts and on the whole record can see no prejudicial error in the charge or on the trial. The court below told the jury: "The plaintiff contends that he had no contract whatever with the town of Hot Springs about the handling of this case in which he is suing. That being so, the court charges you that he is

entitled to recover, if entitled to recover at all, upon the theory of what is known in law as *quantum meruit*. That is asserted in the Old Bible that: 'the laborer is entitled to his hire.' It means as much as he has earned, that is the thought of the law. And the court charges you that where a party is to work, if an individual or a corporation approaches an attorney and asks him to handle certain business matters for him or it and nothing is said about the amount or the method of his payment, then the law raises the presumption that there is a contract between them and that the person or the corporation employing the attorney will pay him a reasonable amount for the services which are accepted and rendered. And that is not only the law in the case of an attorney, but it is the law in all matters of contractual relations. If you employ a doctor, and there is no agreement as to compensation, the law implies that you are going to pay him a reasonable amount for his services rendered during your required employment of him to do your work; the law steps in and says it is implied, it is understood you are going to pay a reasonable amount for his services."

The intervener made no objection or exception to the above contention or charge of the court below. If the intervener wanted more specific instructions on subordinate features he should in apt time have tendered a request for same. The town of Hot Springs in its brief says: "It is true that these checks referred to by the appellant (Rector) did not show payment to the appellant for services in the instant case, but they do sustain the appellee's theory of the trial, to wit: That the appellant in five previous suits had established the appellee's right to impose taxes against the Catholic Society and had been paid for these services. That having established this right to impose this tax, that the foreclosure of these tax sale certificates involved no more work or labor than the other certificates for which the appellant was being paid $4.00 each. Also, as stated previously in this brief, the entire theory of trial in the lower court was that the appellant having no contract of employment, if entitled to recover at all, was so entitled upon *quantum meruit* for services rendered."

The jury rendered a verdict of $50.00 for the intervener. The burden is on the appellant to show prejudicial or reversible error and the presumption is against him. We see in the judgment

No error.