Mauch, Appellant, *v.* Pittsburgh Pension Board.

Argued October 4, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*John A. Metz, Jr.,* with him *Metz, McClure, Hanna & MacAlister,* for appellant.

*Nicholas R. Stone,* with him *Stone & Silvestri,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1956:

Plaintiff appeals from the judgment of the court below disallowing interest on pension payments found due him in an amicable action of mandamus.

The agreed facts in the action are: Plaintiff had been an employe of the City of Pittsburgh from January 2, 1901 until the city terminated his employment on January 15, 1925. From the effective date of the Act of 1915, P.L. 596, 53 PS §9411, which established the pension fund for city employes administered by de-

fendant, until March 26, 1939, he made all payments into the Fund as required. On June 25, 1925, and continuously to the date of the action in mandamus, he was employed by the County of Allegheny.

Plaintiff became 60 years of age on March 26, 1939, and was then entitled to pension payments. But prior thereto there was enacted the Act of 1933, P.L. 81, 53 PS §9422a, which provided that if a pensioner of the city be employed by the same county in which the city is situate, the pension board of the city had authority to suspend pension payments during the period of employment. On June 7, 1933, in pursuance of this Act, the defendant notified plaintiff of his eligibility for pension, but advised that no payments would be made by reason of his employment by the county. Plaintiff acquiesced in this action, as he did the refusal of his formal application for pension made on April 9, 1942, until the commencement of this action on May 27, 1954.

It was agreed that "if the court shall determine Plaintiff is entitled to a pension from said Pension Fund judgment shall be entered . . . requiring Defendant to pay Plaintiff his pension in such amount as the law provides from March 26, 1939 to the date of said judgment. . ."

On December 7, 1954, on the authority of *Hickey v. Pittsburgh Pension Board,* 378 Pa. 300, 106 A. 2d 233, the court entered judgment for plaintiff "that defendant shall pay plaintiff a pension in such amounts as the law provides, computed from March 26, 1939. . ."

On March 4, 1955, the parties filed a stipulation setting forth that the pension payments had been made to plaintiff, but "without prejudice to the rights of said parties to secure an adjudication by the Court of the question whether . . . [the judgment] entitles Plaintiff to the interest [on the payments] which he thus claims and Defendant denies."

On a petition for clarification, the court below entered judgment denying plaintiff's claim for interest on the grounds that: (1) the award or denial of interest is within the court's discretion and it would be inequitable to allow it since plaintiff acquiesced in the nonpayment (laches); (2) interest is allowable, in the absence of express contract, only when payment is withheld after it has become the duty of the debtor to discharge the debt (*Carbondale City School District v. Fidelity and Deposit Company of Maryland*, 346 Pa. 491, 492, 31 A. 2d 279), and defendant was not obligated to pay until the court rendered its decision.

Defendant contends: (1) Since refusal to pay plaintiff was under authority of the Act of 1933, supra, no duty to pay arose until this Court determined its invalidity as applied to those in plaintiff's position, and the payment was not unjustly withheld prior to such determination; (2) both parties mutually misapprehended that the Act of 1933 applied to plaintiff, and under the principles of *Easton Bank v. Commonwealth*, 10 Pa. 442, and *Second & Third Street Passenger Railway v. City of Philadelphia*, 51 Pa. 465, 468, "where the fact of nonpayment is ascribable to mutual misapprehension, or to the *laches* of the creditor, interest is not demandable of course"; (3) plaintiff was guilty of "laches," which bars his right to interest; and (4) a municipality is not liable for interest on its debt.

It cannot be held that plaintiff was guilty of "laches" in his demand for payment. By their very words, the stipulated facts provide that if judgment be for plaintiff, he shall receive his pension in such amounts as the law provides, computed from March 26, 1939. This constituted a waiver of any claim of "laches." For the same reason, the defense of the Statute of Limitations is not available to defendant. Nor is the argument tenable that no duty to pay arose until

action was brought. The judgment of the court, unappealed from and in keeping with the determinations of this Court, was that the plaintiff was entitled to his pension "in such amounts as the law provides, computed from March 26, 1939." This legally determined that it was defendant's duty to begin paying the pension on that date. The acquiescence of plaintiff (or delay in pressing his claim) did not diminish this duty in any way. The Act of 1933 having been declared inapplicable to parties such as plaintiff, their rights could not be affected thereby, and it must be held that the payment was unjustly withheld. The time for payment was fixed, any failure thereafter to pay was unjust, and interest is recoverable: *Nagle Engine & Boiler Works v. Erie,* 350 Pa. 158, 165, 38 A. 2d 225; *Miller v. Reading,* 369 Pa. 471, 475, 87 A. 2d 223; Restatement, Contracts, §337.

Nor can defendant escape the duty to pay interest on the theory that as a municipal agency it is under no duty to pay it unless the statute or express contract provides for it. The reason for the rule (as applied to the state) is that "The government is *presumed* to be always ready to pay, and it would be against public policy to declare it otherwise": *Philadelphia v. Commonwealth,* 276 Pa. 12, 14, 119 A. 723. (Italics supplied). But here the actual facts overcome any such presumption. Defendant unjustly refused to pay until made to do so by court decision.

The judgment of the court below is modified; and judgment is here entered for plaintiff in the total principal sum of $22,271.76, together with interest at the rate of six per cent, upon each monthly pension payment as it became due, until the date of payment.