MALLIE GLESON JENKS v. HERMAN LEE MORRISON.

(Filed 7 November 1962.)

**1. Appeal and Error § 19—**

An assignment of error should clearly present the error relied on without the necessity of going beyond the assignment itself to learn what the question is.

**2. Automobiles § 46; Evidence § 15—**

Where plaintiff pedestrian's evidence is to the effect that defendant's car skidded 45 feet before striking him, and that plaintiff did not see or hear defendant's automobile until about the time it struck him, the omission of the court to charge with reference to the failure of defendant to sound his horn, G.S. 20-174(e), will not be held for prejudicial error, there being no evidence as to whether plaintiff did or did not sound his horn except the negative testimony of plaintiff that he heard nothing, not even the sound of the tires skidding a distance of 45 feet.

APPEAL by plaintiff from *Mallard, J.,* May 1962 First Regular Civil Term of WAKE.

Action to recover for personal injuries suffered by plaintiff by reason of the alleged actionable negligence of defendant.

The incident in question occurred in the general vicinity of Apex, N.C., in the early afternoon of 22 August 1960. Plaintiff was struck by an automobile owned and operated by defendant, while plaintiff was walking eastwardly across Jenks Road (rural paved road no. 1601), about 100 yards north of the intersection of Jenks Road with U.S. Highway 64. Defendant was driving northwardly along Jenks Road, which is a blacktop road, 18 feet wide. From its intersection with 64 to the point of the accident Jenks Road is straight and level.

Plaintiffs' version of the occurrence: Plaintiff parked his tractor in the driveway to his home on the west side of Jenks Road. He walked to the west edge of the road and looked both to his right and left and saw no vehicles approaching. He started diagonally across the road toward his store, and did not see or hear anything until he turned to his right about 18 inches from the east edge of the hard-surface and saw defendant's car almost upon him. Before he could move he was struck. Just prior to the accident defendant's speed was 50 to 60 miles per hour. He skidded 45 feet before striking plaintiff. Plaintiff was 50 years old, had normal eyesight and hearing, but did not see or hear defendant's automobile until about the time it struck him. He was seriously injured.

Defendant's version: Defendant's speed was 35 miles per hour. He was in his proper lane of travel. When he was about 50 feet away plaintiff started running across the road. Defendant applied brakes

and attempted to avoid striking plaintiff. The car stopped within a few feet of the point of impact. As a result of the impact there was a dent about the center of the hood.

The judge submitted three issues (negligence, contributory negligence, damages) to the jury. The jury answered the negligence issue "No." Judgment was entered denying recovery and dismissing the action.

Plaintiff appeals.

*Vaughan S. Winborne and Daniel R. Dixon for plaintiff.*
*Smith, Leach, Anderson & Dorsett for defendant.*

Per Curiam.  Plaintiff's assignments of error relating to the exclusion and admission of evidence are not in accordance with the rules of this Court. Assignments of error "should clearly present the error relied on without the necessity of going beyond the assignment itself to learn what the question is." 1 Strong: N. C. Index, Appeal and Error, s. 19, Footnote 203; *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364. However, we have examined these assignments and find them without merit. The remaining assignments of error (other than formal assignments) relate to the charge. In them we find no error sufficiently prejudicial to warrant a new trial. Plaintiff places emphasis upon the omission of the court to charge with reference to the failure of defendant to sound his horn. G.S. 20-174(e). There is no evidence as to whether he did or did not sound his horn except the negative testimony of plaintiff that he heard nothing — not even the sound of tires skidding a distance of 45 feet. Parenthetically, it would seem futile to order a new trial on this pretext since it appears that plaintiff was probably guilty of contributory negligence as a matter of law. *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589.

In the trial below we find

No error.