## GENERAL METALS, INCORPORATED v. TRUITT MANUFACTURING COMPANY.

(Filed 14 June 1963.)

**1. Appeal and Error § 49; Trial § 56—**

In a trial by the court under agreement of the parties it will be presumed that the court disregarded incompetent evidence in making its findings, and the fact that some incompetent evidence may have been admitted will not be held prejudicial in the absence of a showing to the contrary, there being ample competent evidence to support the findings.

**2. Appeal and Error § 41—**

The fact that certain evidence, competent generally, is admitted only for the purpose of illustrating the testimony of a witness will not be held prejudicial when appellant has had full benefit of the facts sought to be established by the general admission of other evidence upon the same point.

**3. Appeal and Error § 19—**

An assignment of error should clearly present the error relied on without the necessity of going beyond the assignment itself.

**4. Contracts § 29—**

If one party without legal right directs the other to suspend work prior to completion of the contract, such other party is entitled to an award on the basis of *quantum meruit* for part performance.

**5. Trial § 56—**

In a trial by the court under agreement of the parties, inconsistencies or contradictions in the evidence are for the court to resolve as the trier of the facts.

**6. Contracts § 29; Interest § 2—**

Interest may be allowed on damages for breach of contract from the date of the breach when the amount of damages is ascertained from the contract itself or from relevant evidence, or from both.

APPEAL by plaintiff from *Sink, E. J.,* October 1, 1962, Special Term, GUILFORD Superior Court, Greensboro Division.

The plaintiff, "a steel fabricating company," instituted this civil action against the defendant, "a steel manufacturing company," to recover damages for alleged breach of contract. Both parties are North Carolina corporations with places of business in Greensboro.

The plaintiff alleged that on August 9, 1957, the parties entered into a written contract by which the defendant agreed to construct for the plaintiff "a diffuser section, and a contraction section," the two being component parts of a large installation being built for the United

States Navy as a tunnel to test underwater pressures. The plaintiff agreed to furnish materials, plans and specifications, and to pay the defendant $17,500.00 for fabricating the contraction section, and $2,744.00 for fabricating the diffuser section. These units for the Navy were to be installed by another contractor at its Carderock, Maryland, testing plant.

The plaintiff alleged its compliance with the contract (a copy of which was attached to the complaint), the defendant's breach, and plaintiff's damages in the sum of $48,750.00.

The defendant, by answer, admitted the execution of the contract, but alleged the document was only a part of the agreement; that the parties on the same day executed another contract in more detail, and that the two when construed together and in the light of certain detailed proposals, acceptances, plans and specifications, constituted the entire contract between the parties. The defendant alleged the plaintiff did not supply materials in accordance with the terms of the agreement and that any failure of the two fabricated units to meet specifications was due to the fault of the plaintiff in furnishing improper materials; that after the work had been 95 per cent completed by the defendant, the plaintiff stopped further work, not because of any material defects in the two units, but because the plaintiff had failed to meet its commitments for other construction, of which the two units were small parts. The defendant set up a counterclaim for its damages in the amount of $21,244.00.

After preliminary motions for inspection of records and for an order of reference were disposed of, the parties consented to the following order:

> "*ORDER* (FOR TRIAL WITHOUT JURY)
>
> "This matter coming on to be heard before his Honor, H. Hoyle Sink, Judge Presiding, at the January 22, 1962, Term of the Superior Court of Guilford County, Greensboro Division;
>
> "AND IT APPEARING TO THE COURT from the argument of counsel and from the pleadings that this cause involves complicated matters of law and fact and when tried will involve voluminous amounts of highly technical testimony and that the trial of this cause before a jury would take from one to three weeks' time;
>
> "And it further appearing to the Court that the parties to this action, through their respective counsel, have agreed to waive and do hereby waive their rights to a jury trial and agree to have all issues of law and fact in this cause determined by a Judge duly appointed to hold a special term of the Greensboro Division

of the Superior Court of Guilford County, such term not to be held earlier than April 1, 1963;

"And it further appearing to the Court that the ends of justice will best be served and the business of the Court can be more orderly conducted by the Court agreeing and consenting as by law provided to the trial of this cause without a jury.

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that the trial of this cause be continued from the present term of Court to be tried by a duly appointed Judge of the Greensboro Division of the Superior Court of Guilford County, without a jury as agreed by the parties and approved and consented to by this Court as by law provided.

"This 26 day of January, 1962. /s/ H. Hoyle Sink, Judge Presiding."

At the conclusion of the hearing in which much of the evidence was technical, the court rendered this verdict:

"1. Was the paper writing alleged in the Complaint the contract between the parties?

"ANSWER: No.

"2. Was the contract entered into between the parties that as alleged in the Answer and Counterclaim?

"ANSWER: Yes.

"3. Did the defendant breach the contract?

"ANSWER: No.

"4. Did the plaintiff breach the contract?

"ANSWER: Yes.

"5. What damage, if any, is the plaintiff entitled to recover from the defendant?

"ANSWER: — 0 —

"6. What damage, if any, is the defendant entitled to recover from the plaintiff?

"ANSWER: $12,500.00."

From the judgment entered by the court in accordance with the verdict as returned, that the defendant recover of the plaintiff the sum of $12,500.00 with interest from March 15, 1958, the plaintiff excepted and appealed.

*Booth, Osteen, Upchurch & Fish by Roy M. Booth, for plaintiff appellant.*

*Douglas, Ravenel, Josey & Hardy by C. Kitchin Josey; McLendon, Brim, Holderness & Brooks by L. P. McLendon, Jr., for defendant appellee.*

HIGGINS, J.  The parties waived a jury trial and consented that the presiding judge should hear the evidence, answer the issues raised by the pleadings, and render judgment. The consent order required the trial court to sit as both judge and jury.

In passing on the appeal from the judgment, we may assume, since nothing appears to the contrary, that the careful and experienced presiding judge disregarded any incompetent evidence which may have crept into the record and based his findings exclusively on competent evidence. *Chappell v. Winslow,* 258 N.C. 617, 129 S.E. 2d 101; *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668. That Judge Sink was fully aware of his responsibility in this respect is shown by his own comment during the hearing: ". . .this Court after 35 years, can skim the cream off and let the whey and clabber go to the pigs."

Seventeen of the 20 assignments of error relate to the admissibility of evidence. Because of the plaintiff's failure to follow the rules of appellate procedure in the assignments of error, we have found it difficult to determine what is actually involved. *Products Corp. v. Chestnutt,* 252 N.C. 269, 113 S.E. 2d 587; *Armstrong v. Howard,* 244 N.C. 598, 94 S.E. 2d 594. However, after a careful search we have discovered that all assignments except Nos. 1, 11, 14 and 18 involve bits of evidence admitted over objection. Analysis of this evidence fails to show anything in the record prejudicial to the plaintiff's cause. However, if it should appear that material evidence has been offered and excluded, the exclusion would be considered prejudicial error, for the reason that the court made decision without having given it consideration.

In one instance only do we find excluded evidence open to question. The plaintiff offered generally, as its Exhibit No. 7, a chart showing the measurements of the contraction section. This chart was received by the plaintiff as an enclosure in a letter from the defendant's president. The court admitted it only for the purpose of illustrating the testimony of the witness. After combing through the record, however, it appears that the measurements in the chart are identical with the references to them in the letter which was admitted generally. Consequently, the admission of the chart for the limited purpose is not prejudicial for the reason that the plaintiff had the full benefit of what it contained as the result of the general admission of the letter.

The other assignments of error based on the exclusion of testimony are likewise defective. *Jenks v. Morrison*, 258 N.C. 96, 127 S.E. 2d 895; *Balint v. Grayson*, 256 N.C. 490, 124 S.E. 2d 364; *Nichols v. McFarland*, 249 N.C. 125, 105 S.E. 2d 294; Strong's Index, Vol. 1, Appeal and Error, §19, and the First Supplement to the same section, p. 30. However, overlooking the defective assignments, we have made voyages through the record without discovering that any evidence was offered and excluded which would strengthen the plaintiff's cause.

By Assignment No. 19, the plaintiff challenges the judgment upon two grounds: (1) The evidence was insufficient to support the court's answers to the issues. (2) Interest was improperly allowed from March 15, 1958.

The parties agreed upon the issues and that the court should answer them. The condition of the record casts some doubt whether the plaintiff, by proper exception and assignment, actually challenges the sufficiency of the evidence to support the issues. Nevertheless, we have reviewed the record in detail. It discloses ample evidence to support the issues, except as to the amount of damages. The amount of the award is within the range of the pleadings and the evidence, and presumably correct. *Madison County v. Catholic Society*, 213 N.C. 204, 195 S.E. 354. There was evidence the plaintiff actually directed the defendant to suspend work before the fabrication was completed. In any event this evidence would justify an award upon the basis of *quantum meruit* for part performance. *Haymen v. Davis*, 182 N.C. 563, 109 S.E. 554. All inconsistencies and contradictions in the evidence were resolved by the trier of the facts. Having been so resolved, the result is binding on this Court.

The time when interest begins to run upon a debt, the amount of which is in dispute and finally determined by judgment, has been before this Court many times. The later cases following the enactment of G.S. 24-5 seem to have established this rule: When the amount of damages in a breach of contract action is ascertained from the contract itself, or from relevant evidence, or from both, interest should be allowed from the date of the breach. *Construction Co. v. Crain & Denbo*, 256 N.C. 110, 123 S.E. 2d 590; *Thomas v. Realty Co.*, 195 N.C. 591, 143 S.E. 2d 144; *Perry v. Norton*, 182 N.C. 585, 109 S.E. 641; *Bond v. Cotton Mills*, 166 N.C. 20, 81 S.E. 936. The court's action in allowing interest from March 15, 1958, finds support in the record and the cases cited.

The judgment entered in the Superior Court of Guilford County is
Affirmed.