TENNESSEE CAROLINA TRANSPORTATION, INC. v. STRICK
CORPORATION

No. 7226SC672

(Filed 22 November 1972)

1. Courts § 21— interpretation and validity of contract — what law ap-
plies

Matters bearing upon the execution, interpretation and validity
of a contract are determined by the law of the place where it was
made.

2. Courts § 21; Damages § 2— damages — what law applies

The law of the place where rights were acquired or liabilities
incurred governs the award of damages, they being substantive in
nature.

3. Courts § 21— contract entered in another state — what law applies

Pennsylvania law governs the interpretation of a contract en-
tered in that state and the measure of damages for breach of the
contract, and North Carolina law governs matters of procedure, in-
cluding the rules as to the sufficency of the evidence to withstand the
motion for directed verdict.

4. Sales § 17— breach of implied warranty of fitness — sufficiency of
evidence

Plaintiff's evidence was sufficient to be submitted to the jury
in an action to recover damages for breach of an implied warranty
of fitness of trailers purchased from defendant.

5. Sales § 5— attempted disclaimer of warranty — voidness under Penn-
sylvania law

Attempted disclaimer of warranty in a sales contract entered
in Pennsylvania was void under Pennsylvania law where it was
printed in the same color as the other printing in the contract and
was in the smallest print used therein.

6. Courts § 21; Interest § 1— interest as damages for breach of con-
tract — what law applies

Where a contract provided that it should be governed and
interpreted according to the laws of Pennsylvania, the laws of Penn-
sylvania determined whether plaintiff could recover interest as
damages for breach of the contract.

7. Interest § 1— interest on damages for breach of warranty

The trial judge, in applying Pennsylvania law, did not abuse
his discretion in allowing interest on the amount of damages awarded
for breach of warranty from the date the breach occurred.

Judge BRITT dissents.

APPEAL by defendant from McLean, Judge, 14 February
1972 Session of Superior Court held in MECKLENBURG County.

---

Transportation, Inc. v. Strick Corp.

---

The plaintiff is a Tennessee corporation with its home offices in Nashville, Tennessee, where it is engaged in the trucking industry as a common cargo carrier. The plaintiff operates in several states, including the State of North Carolina, under its Interstate Commerce Commission franchise.

The defendant is a trailer manufacturer incorporated in the State of Pennsylvania, where its home offices are located. The defendant has a place of business in Charlotte where it operates a sales, service and trailer repair shop.

On 10 July 1967 in the State of Pennsylvania, the plaintiff entered into a contract to purchase 150 trailers from the defendant for Five Thousand Six Hundred Ninety-Five Dollars ($5,695.00) each. At the time the contract was entered into, the trailers were not in existence and were to be built and delivered to the plaintiff in groups of 50 each on or about September 1, October 10, and October 25, 1967.

Plaintiff sought damages for breach of an implied warranty of fitness of use for the particular purpose for which the trailers were sold by defendant and purchased by plaintiff.

Defendant denied that there was an implied warranty or that there was any breach of warranty. Defendant also alleged that plaintiff had executed several security instuments in which there was a disclaimer or exclusion of warranties.

After hearing the evidence of both parties, the jury returned a verdict in favor of the plaintiff and awarded damages in the amount of $215,600. The trial judge signed judgment for that amount and allowed interest thereon from 31 October 1967. The defendant, having moved in apt time for a directed verdict, which was denied, filed a written motion for judgment notwithstanding the verdict, which was similarly denied. Defendant appealed, assigning error.

*Wallace S. Osborne, and Waggoner, Hasty & Kratt by William J. Waggoner for plaintiff appellee.*

*Welling & Miller by George J. Miller and Charles M. Welling, and Womble, Carlyle, Sandridge & Rice by W. P. Sandridge, Sr., for defendant appellant.*

MALLARD, Chief Judge.

Plaintiff executed six separate instruments during the period of 30 August 1967 to 31 October 1967. Each of these instruments is denominated "Time Sale Contract and Security Agreement" and each describes twenty-five of the "New Strick Model 7420U33NSAOW 42 ft. closed top tandem axle semi-trailers" purchased by plaintiff from defendant. In each of these instruments there appears the following language:

> " * * * This instrument contains the entire agreement between the parties, is made and accepted in Pennsylvania, and shall be governed and interpreted according to the laws of Pennsylvania. * * * "

[1, 2] It is settled law in North Carolina that matters bearing upon the execution, interpretation, and validity of a contract are determined by the law of the place where it was made. *Cannaday v. R. R.*, 143 N.C. 439, 55 S.E. 836 (1906); *Industries, Inc. v. Blair*, 10 N.C. App. 323, 178 S.E. 2d 781 (1971). And the law of the place where rights were acquired or liabilities incurred also governs the award of damages, they being substantive in nature. *Wise v. Hollowell*, 205 N.C. 286, 171 S.E. 82 (1933); *Hancock v. Telegraph Co.*, 137 N.C. 497, 49 S.E. 952 (1905).

[3] According to the rules as set forth above, Pennsylvania law governs the interpretation of the contract herein and the measure of damages for breach of the contract. However, the laws of North Carolina govern matters of procedure, including the rules as to the sufficiency of the evidence to withstand the motion for a directed verdict. 2 Strong, N.C. Index 2d, Courts, § 21.

[4] Defendant contends that the court committed error in failing to grant its motion for a directed verdict on the grounds that the evidence failed to establish a claim against the defendant and that the court committed prejudicial error in the admission of some of plaintiff's evidence. We do not agree. We hold that the evidence was sufficient to withstand defendant's motion for a directed verdict and that the court did not commit prejudicial error in the admission of evidence.

[5] The defendant also contends that the court committed error in failing to submit an issue on disclaimer. This contention presents the question of the validity of the alleged disclaimer.

In subsection (h) of each of the "Time Sale Contract and Security Agreements," there appears in the same color as the other printing therein and in the smallest print used therein, the following: "There are no promises, understandings, agreements, representations, or warranties (except the warranties set forth in the Sales Order if the goods covered hereby are new), express or implied, respecting the Equipment which are not specified herein." No express warranties are set forth in the Sales Order.

The laws of Pennsylvania are applicable to the interpretation of the contract.

12A Purdon's Penna. Stat. Ann., § 2-316(2) reads in part:

" * * * (T)o exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. * * * "

12A Purdon's Penna. Stat. Ann., § 1-201(10) reads in part:

"A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. * * * Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. * * * "

In Pennsylvania, an attempted disclaimer which is in the body of an instrument and in type of the same size and color as its other provisions is ineffective as a matter of law. *Boeing Airplane Company v. O'Malley,* 329 F. 2d 585 (8th Cir. 1964); *Greenspun v. American Adhesives, Inc.,* 320 F. Supp. 442 (E.D. Penn. 1970); *S.F.C. Acceptance Corp. v. Ferree,* 39 Pa. Dist. & Co. R. 2d 225 (39 D. & C. 2d 225) [1966]; see also *Mack Trucks of Ark., Inc. v. Jet Asphalt & Rock Co.,* 246 Ark. 101, 437 S.W. 2d 459 (1969).

Whether the attempted disclaimer is effective or not is a question of law for the court and not one of fact for the jury. 1 Anderson, Uniform Commercial Code, § 2-316:18 (2d ed. 1970); 12A Purdon's Penna. Stat. Ann., § 1-201(10).

In 1 Anderson, Uniform Commercial Code, § 2-316:4 (2d ed. 1970), it is said:

"The prime objective of UCC § 2-316 is to avoid the surprise or fine print waiver of rights by the buyer. This

is made clear by the requirement of conspicuousness for waiver clauses. . . ." Cited in *Greenspun v. American Adhesives, Inc., supra.*

In light of the rules set forth above, the attempted disclaimer herein was void as a matter of law and the trial judge did not commit error in failing to submit that issue to the jury.

Defendant further contends that the court committed error in instructing the jury as to the breach of the contract, the disclaimer, and on the issue of damages.

The defendant requested the court to instruct the jury on the second and third issues as follows:

"1. As to the Second Issue: If you find from the evidence and the greater weight thereof, that there was an implied warranty of fitness for use of said trailers in the General Motor freight as a carrier of general cargo and you further find from the evidence and the greater weight thereof that there was a breach of said implied warranty then you must also find from the evidence and the greater weight thereof that the plaintiff upon discovering said breach gave timely notice to the defendant in what respect said implied warranty was breached to allow the defendant the opportunity to correct said condition to prevent any damages or to minimize or lessen the damages. If you find from the evidence and the greater weight thereof that the plaintiff gave such notice, you will answer the second issue 'yes'; if you fail to so find you shall answer the second issue 'no' and that will end the lawsuit. If you answer the second issue 'yes,' you will then go to the third issue. (U.C.C. 2-607(3) (a)).

2. As to the Third Issue: That if you answer the first and second issues yes, I hereby instruct you that if you reach the third issue, the measure of damages is the difference between the value of the trailers actually received and the value they would have been if they were as warranted, this rule or measure of damages applies to any trailer you find from the evidence and by its greater weight to have been defective at the time of delivery (U.C.C. 2-607(4)) and *Wagner Tractor, Inc. v. Shields,* 381 Fed 2d 441."

The court gave these requested instructions almost verbatim and the defendant cannot complain as to that. When the charge is considered as a whole, no prejudicial error appears therein.

[6] The defendant also contends that the court erred in allowing interest on the judgment from 31 October 1967.

In 1 Restatement of Conflict of Laws 2d, § 207 (1971), it is stated that "(t)he measure of recovery for a breach of contract is determined by the local law of the state selected by application of the rules of §§ 187-188." Under said § 187, questions involving the measure of recovery for a breach of contract are determined by the law chosen by the parties, if they have made an effective choice. The parties in this case effectively chose that the agreement concerning the sale and purchase should be governed and interpreted by the laws of Pennsylvania. In Section "e" of the Comment under § 207, it is stated:

"The local law of the state selected by application of the rule of this Section determines whether plaintiff can recover interest, and, if so, the rate, upon damages awarded him for the period between the breach of contract and the rendition of judgment. * * *"

Therefore, the law of Pennsylvania applies in determining whether plaintiff may recover interest.

Pennsylvania law is in accord with the rule stated in the Restatement of Contracts, § 337 (1932) which reads as follows:

"§ 337. WHEN INTEREST IS RECOVERABLE AS DAMAGES.

If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

(a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled."

[7]   Under Pennsylvania law, whether interest from the date of breach is allowable under the circumstances of this case is discretionary with the trial court. See *Penneys v. Pa. Railroad Co.*, 408 Pa. 276, 183 A. 2d 544 (1962) ; *Mauch v. Pbgh. Pension Board*, 383 Pa. 448, 119 A. 2d 193 (1956) ; *Babayan v. Reed*, 257 Pa. 206, 101 A. 339 (1917). And, we find no abuse of discretion warranting a reversal of the allowance herein of interest on the damages awarded from the date of breach of the warranty sued upon.

The North Carolina cases appear to be in accord. See *Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590 (1961), distinguishing the early law as set forth in *Lewis v. Rountree*, 79 N.C. 122 (1878) ; *General Metals v. Manufacturing Co.*, 259 N.C. 709, 131 S.E. 2d 360 (1963) ; *Investment Properties of Asheville, Inc. v. Allen*, 281 N.C. 174, 188 S.E. 2d 441 (1972).

We have considered all of appellant's assignments of error that are properly brought forward and are of the opinion that no prejudicial error appears.

No error.

Judge BROCK concurs.

Judge BRITT dissents.