FRED MILLS AND WIFE, SUDIE W. MILLS v. NEW RIVER WOOD CORPORATION

No. 858SC182

(Filed 29 October 1985)

1. **Deeds § 28; Uniform Commercial Code § 3— contract for sale of timber—statute of limitations—applicability of UCC**

A contract for the sale of timber to be cut is governed by Art. 2 of the Uniform Commercial Code and the four-year statute of limitations of G.S. 25-2-725(1), and plaintiffs' action to recover for breach of the covenants in a timber deed was timely filed where it was instituted within four years after defendant's cutting operations had commenced.

2. **Evidence § 33.2— hearsay testimony—absence of prejudice**

Assuming that testimony by the male plaintiff as to the position of the Federal Land Bank regarding small trees on plaintiffs' land should have been excluded as hearsay, defendant was not prejudiced by the admission of such testimony. G.S. 1A-1, Rule 61.

3. **Evidence § 56— opinion of fair market value of lands—qualification of expert**

A witness was qualified to state his opinion as to the fair market value of plaintiffs' lands had timber thereon been cut according to accepted plans and practices of the timbering and logging businesses where the witness testified that he had been involved in the logging and timber business either directly or indirectly from 1946 until the time of suit and that he was aware of comparable tracts of land sold in plaintiffs' area and the price per acre for which these tracts sold.

4. **Appeal and Error § 24— directed verdict on counterclaims—failure to object at trial**

Where defendant made no objection at trial to the granting of plaintiffs' motion for directed verdict on defendant's counterclaims, he may not raise this question for the first time on appeal.

5. **Appeal and Error § 31.1— failure to object to charge at trial**

Defendant's argument that the trial court erred in failing to give equal stress to its contentions and erred in the instructions on the burden of proof will not be considered on appeal where defendant failed to object to the charge at trial. G.S. 1A-1, Rule 10(b)(2).

6. **Contracts § 29.5; Interest § 2— breach of contract—prejudgment interest**

The trial court did not err in awarding prejudgment interest from 1 September 1978 for breach of a covenant in a timber deed where the testimony of plaintiffs' expert witness allowed ascertainment of the damages as well as a determination that the breach occurred and the damages were complete prior to 1 September 1978. G.S. 24-5.

APPEAL by defendant from *Bruce, Judge*. Judgment entered 8 October 1984 *nunc pro tunc* 20 September 1984 in Superior Court, LENOIR County. Heard in the Court of Appeals 25 September 1985.

Defendant entered the land of plaintiffs pursuant to a timber deed executed by plaintiffs conveying all merchantable timber to defendant. Plaintiffs sued for damage to the trees left on the property alleging unnecessary harm thereto in violation of covenants in the timber deed. Defendant counterclaimed alleging malicious prosecution and abuse of process.

The trial court allowed plaintiffs' motion for directed verdict as to both counterclaims. The jury found that defendant breached the provisions of the timber deed and awarded plaintiffs damages of $11,163. The court entered judgment in accordance with the verdict and ordered that defendant pay interest on the $11,163 award from 1 September 1978.

From the judgment entered, defendant appeals.

*Allen, Hooten & Hodges, by John M. Martin, for plaintiff appellees.*

*Jones & Wooten, by Lamar Jones, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the action is barred by the three-year statute of limitations in N.C. Gen. Stat. 1-52. We find that statute inapplicable. Contracts for the sale of "timber to be cut" are governed by Article 2 of the Uniform Commercial Code, N.C. Gen. Stat. 25-2-107(2). Accordingly, the controlling statute is N.C. Gen. Stat. 25-2-725(1), which provides for a four-year period of limitation. The timber deed, which evidenced the underlying contract of sale, was executed on 28 June 1977. Plaintiffs instituted this action on 28 April 1981. Since defendant's cutting operations commenced after execution of the timber deed, plaintiffs instituted their action within the requisite four-year period.

[2] Defendant contends the court erred in admitting hearsay testimony by plaintiff-husband as to the position of the Federal Land Bank regarding the small trees on plaintiffs' land. Assuming that this testimony should have been excluded, its admission does

not require a new trial unless defendant's case was adversely affected thereby. N.C. Gen. Stat. 1A-1, Rule 61; *see Fisher v. Thompson*, 50 N.C. App. 724, 728, 275 S.E. 2d 507, 511 (1981). Having carefully reviewed the record, we hold that defendant did not suffer prejudice from the admission of this testimony.

[3] Defendant contends the court erred in permitting plaintiffs' expert witness in the field of timber and pulpwood operations to give his opinion as to the fair market value of the lands had the timber been cut according to accepted plans and practices of the timbering and logging businesses. It argues that the witness lacked sufficient experience and familiarity with accepted cutting practices of timber and pulpwood in 1977 and 1978 to render an opinion on the subject. We disagree.

Witnesses who are experts in a field may offer opinion testimony regarding matters within the area of their expertise. If a witness is better qualified than the jury to form an opinion from certain facts, his opinion is admissible. *Cochran v. City of Charlotte*, 53 N.C. App. 390, 398-99, 281 S.E. 2d 179, 186 (1981), *disc. rev. denied*, 304 N.C. 725, 288 S.E. 2d 380 (1982), *citing* 1 Stansbury, *North Carolina Evidence* Sec. 132 at 425 (Brandis Rev. 1973). N.C. Gen. Stat. 8C-1, Rule 702, which applies to this case, codified and perhaps liberalized this common law principle. *See* 1 H. Brandis, *North Carolina Evidence* Sec. 134 at 520 n. 25 and 1983 Supp. thereto.

Evidence here supported findings that the witness was an expert in the field of timber and pulpwood operations. The witness testified that he had been involved in the logging and timber business either directly or indirectly from 1946 until the time of suit. Further, the witness related familiarity and experience which gave him special knowledge and expertise regarding the value of property in the area of plaintiffs' land. He testified that he was aware of comparable tracts of land sold in plaintiffs' area between 1977 and 1979 and the price per acre for which these tracts sold. The court properly could find from this evidence that the witness was better qualified than the jurors to render an opinion as to the fair market value of the land had there been no breach of the timber deed.

[4] Defendant contends the court erred in granting plaintiffs' motion for directed verdict on defendant's counterclaims for

malicious prosecution and abuse of process. Defendant did not object to the granting of the motion at trial, however. To the contrary, counsel for defendant informed the court that defendant did not wish to proceed on its counterclaims. Having made no objection at trial, defendant may not now raise this question for the first time on appeal. *Hamm v. Texaco, Inc.,* 17 N.C. App. 451, 454, 194 S.E. 2d 560, 562 (1973). Moreover, the counterclaims clearly lacked merit.

[5] Defendant contends the court erred in failing to give equal stress to its contentions in the instructions to the jury, in violation of N.C. Gen. Stat. 1A-1, Rule 51(a). It also contends the court improperly charged the jury that plaintiffs must prove that "more likely than not the defendant breached an obligation . . . under the . . . contract." Defendant failed to object to the charge at trial, however, as required by N.C. R. App. P. 10(b)(2). This rule is mandatory and not merely directory. *State v. Fennell,* 307 N.C. 258, 263, 297 S.E. 2d 393, 396 (1982). It was designed to avoid unnecessary new trials caused by errors in instructions that the court could have corrected if brought to its attention at the proper time. *Wall v. Stout,* 310 N.C. 184, 188-89, 311 S.E. 2d 571, 574 (1984). Because defendant did not comply with Rule 10(b)(2), we decline to consider these arguments. We note that our Supreme Court has declined to apply the "plain error" rule to civil cases. *See Durham v. Quincy Mutual Fire Ins. Co.,* 311 N.C. 361, 367, 317 S.E. 2d 372, 377 (1984).

[6] Defendant contends that the court erred in awarding prejudgment interest from 1 September 1978. Our Supreme Court has stated that "[w]hen the amount of damages in a breach of contract action is ascertained from the contract itself, or from relevant evidence, or from both, interest should be allowed from the date of breach." *General Metals v. Manufacturing Co.,* 259 N.C. 709, 713, 131 S.E. 2d 360, 363 (1963). *See also* N.C. Gen. Stat. 24-5. The record provides ample relevant evidence from which to ascertain the amount of damages. Plaintiffs' expert witness testified at length about the reduction in fair market value of plaintiffs' land from defendant's breach of the covenant in the timber deed. He also established that the damage was complete "within the summer months of 1978." This evidence allowed ascertainment of the damages as well as a determination that the breach occurred and the damages were complete prior to 1 September 1978. Pursuant

to *General Metals, supra,* we thus hold that the court did not err in awarding interest from 1 September 1978.

No error.

Judges EAGLES and COZORT concur.