NOLAND COMPANY, INC. v. TED A. POOVEY, T/A TED A. POOVEY PLUMB-ING COMPANY, AND THE OHIO CASUALTY INSURANCE COMPANY

No. 8025SC1110

(Filed 21 September 1982)

1. **Principal and Surety § 9.1— goods sold and delivered—contractor's payment bond—separate issues as to liability of contractor and surety**

    The surety on a plumbing contractor's payment bond for materials used in the construction of a county building was liable only for materials which plaintiff in good faith believed were to be used by the contractor in constructing such building, and the trial court erred in refusing to submit separate issues as to the amount of the contractor's liability to plaintiff for materials delivered to him at the construction site of the county building and the amount of the surety's liability on the payment bond where there was evidence tending to show that some of the materials delivered to defendant at such construction site were not used by defendant in constructing the county building but were used in other construction projects. G.S. 44A-25(5), G.S. 44A-26(a)(2) and G.S. 44A-30.

2. **Interest § 2; Judgments § 55— prejudgment interest—failure to object to account stated—interest allowed from date of breach**

    The trial court erred in permitting interest on plaintiff's judgment against defendant on an account stated from the date of judgment rather than from the date of the breach which was construed to be two months from the date of demand and refusal of payment.

ON rehearing.

The plaintiff's petition for rehearing our decision filed 6 October 1981 at 54 N.C. App. 695 (1981) was allowed on 9 December 1981. The parties have filed additional briefs.

The facts were adequately stated in our previous opinion.

*Purrington and Purrington, by A. L. Purrington, Jr., for plaintiff appellant.*

*Byrd, Byrd, Ervin, Blanton and Whisnant, by Robert B. Byrd and Lawrence D. McMahon, Jr., for defendant appellant Ohio Casualty Insurance Company.*

*Triggs and Mull, by C. Gary Triggs and Wayne O. Clontz, for defendant appellant Ted A. Poovey.*

MORRIS, Chief Judge.

We withdraw the portion of our previous opinion dealing with defendant Insurance Company's appeal and substitute therefor the following.

[1] The superior court refused to submit an issue as to the liability of the Insurance Company on the bond but held that it was liable for the full amount recovered by plaintiff against defendant Poovey. We hold this was error. The sections of the statute governing this question are as follows:

G.S. 44A-25(5)—"Labor or materials" shall include all materials furnished or labor performed in the prosecution of the work called for by the construction contract regardless of whether or not the labor or materials enter into or become a component part of the public improvement, and further shall include gas, power, light, heat, oil, gasoline, telephone services and rental of equipment or the reasonable value of the use of equipment directly utilized in the performance of the work called for in the construction contract.

G.S. 44A-26. Bonds required.—(a) A contracting body shall require of any contractor who is awarded a construction contract . . . the following bonds:

. . .

(2) A payment bond in the amount of one hundred percent (100%) of the construction contract amount, conditioned upon the prompt payment for all labor or materials for which a contractor or subcontractor is liable. The payment bond shall be solely for the protection of the persons furnishing materials or performing labor for which a contractor or subcontractor is liable.

G.S. 44A-30 makes the above section a part of the bond under which the plaintiff claims. The parties have not cited and we have not found a case in this state interpreting this statute. There have been several federal cases interpreting a similar statute. *See United States to the Use of Carlson v. Continental Casualty Company*, 414 F. 2d 431 (5th Cir. 1969); *U.S. v. Endelbrock-White Company*, 275 F. 2d 57 (4th Cir. 1960); and *St. Paul-Mercury Indemnity Company v. U.S.*, 238 F. 2d 917 (10th Cir. 1956). We believe that if the plaintiff in good faith furnished the material for the construction of the project, it is entitled to recover for materials so furnished. It is not required to prove the materials were actually used on the project.

In this case Mr. Hefner testified that more plumbing materials were delivered to Poovey at the job site than were needed to complete defendant Poovey's job. Poovey testified that he used the figure $19,500.00 as given to him by the plaintiff's salesman as the price of the materials when computing his bid on the Center. He testified further that the plaintiff's agents informed him that materials would be delivered to the job site for the Center which were to be used on the Alleghany Hospital project and that this was done. We believe this is evidence from which the jury could conclude that the plaintiff delivered some materials to the job site which it did not in good faith believe were intended for the project. The issue as to the Insurance Company's liability on the bond should be submitted to the jury.

We also withdraw that portion of our previous opinion which deals with the plaintiff's appeal and substitute in lieu thereof the following.

[2] The plaintiff contends it is entitled to prejudgment interest. We agree. G.S. 24-5, dealing with interest on recoveries for breach of contract, has been interpreted to hold that "where the amount of damages can be ascertained from the contract, interest is allowed from the date of the breach." *See Equipment Co. v. Smith*, 292 N.C. 592, 234 S.E. 2d 599 (1977) and *Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590 (1962). The defendants contend that in order to allow prejudgment interest, it is necessary to be able to make an accurate determination as to the exact amount owed by the defendant Poovey to the plaintiff. They argue that since the jury returned a verdict for less

damages than that for which the plaintiff prayed, the exact amount of damages could not be calculated and no prejudgment interest should be allowed. We believe we are bound by *Construction Co. v. Crain and Denbo, Inc.*, supra, to reject this argument. In that case our Supreme Court held it was not error for the superior court to allow prejudgment interest against a subcontractor and the surety on the subcontractor's bond in an action to recover by the contractor for work it was required to do after the subcontractor defaulted. We do not believe the damages were more easily calculated in that case than this one.

In this case the jury allowed a recovery based on an account stated. The last statement was rendered by the plaintiff to Poovey on 6 June 1977. On the evidence the jury found that by his failure to object to the account within a reasonable time, Poovey agreed to the account. We believe two months would be a reasonable time for Poovey to object to the account, and we believe interest should run against him from 6 August 1977. As to the defendant Insurance Company, interest would run against it from the time demand was made on it for payment. *See Construction Co. v. Crain and Denbo, Inc.*, supra. It is not clear from the record when the demand for payment was made on the Insurance Company. Mr. Nelson testified he contacted the Insurance Company in April 1977 in regard to the delinquent account, but he did not testify he demanded payment. Since there must be a new trial as to the plaintiff's claim against the Insurance Company, evidence as to the time of the plaintiff's demand on the Insurance Company may be offered in the event the plaintiff recovers.

As to defendant Poovey, we find no error.

As to defendant Insurance Company, we order a new trial.

As to plaintiff, we reverse and remand.

Judges WEBB and WHICHARD concur.