WILKES COMPUTER SERVICES, INC. v. AETNA CASUALTY & SURETY COMPANY

No. 8123SC1210

(Filed 5 October 1982)

1. **Insurance § 136; Evidence § 33.1— action on fire policy—letter as hearsay—admission not prejudicial error**

   Even if a letter quoting prices for the replacement of computer equipment destroyed in a fire was hearsay, the admission of the letter was not prejudicial error in this nonjury trial where the trial court stated that the letter was being admitted only to show the source of the figures a witness placed on a proof of loss but not as evidence of the damaged equipment, and where the trial court's decision was supported by other competent evidence of the value of plaintiff's destroyed equipment.

2. **Insurance § 136— action on fire policy—subsequent tax listing irrelevant**

   The contents of a tax listing of plaintiff's personal property over six months after a fire loss was not relevant to the value of plaintiff's property at the time of the fire.

3. **Evidence § 48— qualification of expert**

   The trial court did not err in finding that a sales representative of a computer dealer was qualified to give his opinion as to the value of plaintiff's computer equipment which was destroyed in a fire, although the record did disclose some inconsistencies as to whether such values were related to new or used equipment.

4. **Insurance § 136— action on fire policy—value of lost equipment—conversations with advertisers of used equipment—incompetency**

   In an action to recover the value of computer equipment destroyed in a fire in which the trial court permitted an expert witness to testify that he considered the values of specific used computer equipment advertised or offered to others in arriving at his estimate of the value of plaintiff's equipment, testimony by the witness attempting to establish the condition of the advertised equipment by relating conversations with the owners of the equipment was incompetent and was properly excluded.

5. **Evidence § 29.1— letter not authenticated**

   The trial court properly excluded a letter which had not been properly authenticated.

6. **Insurance § 136— action on fire policy—sufficiency of evidence**

   The evidence in plaintiff's action against defendant insurer to recover the value of computer equipment destroyed in a fire was sufficient to overcome defendant's motions to dismiss.

**7. Insurance § 136— action on fire policy—value of lost equipment—findings by court—supporting evidence**

In plaintiff's action against defendant insurer to recover the value of computer equipment destroyed in a fire, the testimony of two experts supported the trial court's findings as to the list price and actual cash value of the destroyed equipment.

**8. Contracts § 29.5; Interest § 2— interest on recovery under insurance contract**

The trial court properly allowed interest on plaintiff's recovery against defendant insurer for computer equipment destroyed in a fire from the date defendant breached its obligation to pay plaintiff's claim within sixty days after the filing of a proof of loss.

APPEAL by defendant from *Long, Judge.* Judgment entered 17 June 1981 in Superior Court, WILKES County. Heard in the Court of Appeals 2 September 1982.

Plaintiff brought this action to recover the value of computer equipment destroyed in a fire on 26 June 1979. The parties waived jury trial and the case was heard by Judge Long without a jury. Both plaintiff and defendant offered evidence as to the value of the property destroyed. At the close of the trial, Judge Long entered judgment for plaintiff, from which judgment defendant has appealed.

*W. G. Mitchell, for plaintiff-appellee.*

*Moore & Willardson, by John S. Willardson, for defendant-appellant.*

WELLS, Judge.

Defendant brings forward 32 assignments of error, grouped in 18 questions. Twelve of defendant's arguments relate to the admission or exclusion of evidence during the trial; one argument relates to the denial of defendant's motion to dismiss; four arguments relate to the trial court's findings of fact; and one argument relates to the trial court's award of interest on plaintiff's recovery of damages. We shall follow these groupings in our discussion.

I.  The Rulings On Evidence.

Bobby J. Toliver testified for plaintiff. At the time of plaintiff's loss, Toliver was the treasurer and manager of plaintiff's

business. Following the fire, he filed plaintiff's proof of loss. He was allowed to testify as to his sources for the values (prices) he used in arriving at the specific claims entered on the proof of loss; that the prices used by him were furnished to him by Sun Data, Incorporated and that the prices were for equipment identical to that destroyed in the fire. Toliver testified that in addition to the Sun Data prices, he used prices furnished him by Mr. David Turner of Memorex Corporation. Plaintiff was allowed to introduce, over defendant's objections, exhibits consisting of letters from Mr. Dan Hendrix of Sun Data and Mr. Turner of Memorex, quoting prices for equipment to replace plaintiff's destroyed equipment. Plaintiff attempted to qualify Toliver to give opinion testimony as to the value of the destroyed equipment. While the trial court refused to recognize Toliver as an expert witness, it allowed him to testify as to the prices received from Sun Data and Memorex. The court stated that such evidence was being allowed only to show the sources relied on in preparing the proof of loss.

[1]   Defendant argues that the trial court erred in restricting its *voir dire* examination of Toliver with respect to his expertise in valuation of computer equipment. Since the trial court refused to allow Toliver to give opinion evidence on valuation, plaintiff could not have been prejudiced by the trial court's ruling on *voir dire*. Defendant also argues that the Sun Data letter was hearsay and that it was error for the trial court to admit it into evidence and allow Toliver to refer to it. In a non-jury trial, in the absence of words or conduct indicating otherwise, the presumption is that the trial judge disregarded incompetent evidence in making his decision. *City of Statesville v. Bowles,* 278 N.C. 497, 180 S.E. 2d 111 (1971). In admitting the Sun Data letter, the trial court stated: " . . . I will admit it to show the source of the figures he may have placed on the proof of loss but not as evidence of the value of the damaged equipment". There was competent evidence in the trial — from David Turner — as to the value of plaintiff's destroyed equipment supporting the trial court's decision. Assuming *arguendo* that the Sun Data letter was hearsay and therefore not competent, its admission under these circumstances does not constitute error sufficient to award a new trial. These assignments are overruled.

[2] Defendant attempted to cross-examine Toliver as to the contents of a tax listing of plaintiff's personal property, completed by Toliver and filed in January, 1980. Over plaintiff's objection, the trial court refused to allow Toliver to respond to defendant's questions as to the contents of the listing. Before questioning Toliver as to the 1980 listing, defendant did not lay any foundation to show that plaintiff's property at the time of the fire loss in June, 1979 was the same as or similar to plaintiff's property listed for taxes in January, 1980. The value of plaintiff's property listed for taxes over six months after the fire loss lacked relevancy as to its value at the time of the loss, and such evidence was therefore properly excluded. *See generally*, 1 Stansbury's N.C. Evidence, §§ 81, 89 and 100 (Brandis 2d Revision 1982). This assignment is overruled.

[3] David Turner testified for plaintiff as to the value of plaintiff's computer equipment destroyed in the fire. Turner testified that he was a sales representative for Sun Data, a computer dealer which buys and re-sells IBM Computer equipment. Before being employed by Sun Data, Turner was employed as a sales representative for Memorex Corporation, a competitor of IBM in computer equipment. He testified that he was experienced and knowledgeable in sales of new and used computer equipment similar to plaintiff's destroyed equipment. Defendant argues that the trial court erred in ruling that Mr. Turner was qualified to give expert opinion testimony as to the value of plaintiff's equipment destroyed in the fire. Although the record discloses some confusing and inconsistent aspects of Turner's background, experience, information, and knowledge as to the value of plaintiff's destroyed equipment, especially in the context of whether such values were related to new or used equipment, we are persuaded that Turner's knowledge, gained from experience and information relevant to these matters sufficiently qualified him to give his opinion as to the value of plaintiff's equipment. *See generally* 1 Stansbury's, § 128. Defendant also contends that the trial court erred in "coaching" Turner as to Turner's definition of "fair market value" as that term related to plaintiff's loss. While the trial court did rather extensively examine Mr. Turner as to the question of value, it appears that such questions reflect only the trial court's efforts to clarify a hotly disputed aspect of the evidence. Taken as a whole, the court's questions do not suggest any lack of judicial impartiality. These assignments are overruled.

Defendant also contends that the trial court erred in allowing Turner to "testify" from a letter not prepared by him in that such testimony was hearsay evidence. Turner was asked on direct examination to refer to the letter and give his opinion as to the reasonable market value or actual cash value of various items of plaintiff's equipment listed in an attachment to the letter from Sun Data. In each instance, Turner stated his opinion of value to be the prices shown in the attachment to the letter. While the manner in which the questions were put may have constituted leading the witness, Turner made it clear in his responses to questions from the bench that his answers were his own opinion. This assignment is overruled.

Defendant called as a witness Mr. Gene Atwell Brookshire, the Assistant Tax Supervisor for Wilkes County. Through Mr. Brookshire, defendant attempted to introduce plaintiff's 1980 personal property tax listing. The trial court sustained plaintiff's objection to this evidence. Defendant contends this was error. We do not agree. Defendant laid no foundation to show that plaintiff's property tax listing for 1980 in any way reflected the identity or value of plaintiff's property destroyed in the fire the previous June. Since there was no showing that the evidence was relevant to the issues in this case it was properly excluded. This assignment is overruled.

[4] Defendant called as a witness Mr. S. Paul Blumenthal, the Senior Vice-President of American Computer Group, a company which specializes in valuation and appraisal of all kinds of computer equipment, on a nationwide basis. Mr. Blumenthal had extensive experience in valuing and appraising new and used computer equipment, and he was recognized as an expert witness in such matters. Mr. Blumenthal testified that in his opinion the fair market value of plaintiff's destroyed equipment was $41,800.00. Through Mr. Blumenthal, defendant then attempted to show values of specific pieces of used computer equipment advertised or offered to others. The trial court sustained plaintiff's objections to this evidence, but allowed Mr. Blumenthal to testify that he considered such information in arriving at his estimate of value of plaintiff's equipment. Defendant contends the trial court erred. The witness was asked to establish the condition of the advertised equipment by relating conversations with the owners of the the equipment. Such testimony was obviously not compe-

tent and was properly excluded. This assignment is without merit and is overruled.

[5] Defendant called as a witness Mr. George Clear, claims superintendent for defendant. Through Mr. Clear, defendant attempted to elicit testimony about a letter from Mr. Mark Wautlet, a marketing representative for Sun Data, listing certain items of computer equipment, for a price of $45,000.00. Defendant contends this was error. We do not agree. The letter was not authenticated and was therefore properly excluded. *See* 2 Stansbury's, §§ 195, 236. This assignment is overruled.

II. Defendant's Motion to Dismiss.

[6] Defendant's motion to dismiss made at the close of the plaintiff's evidence and renewed at the close of all the evidence was denied by the trial court. Defendant contends that there was no competent evidence to support plaintiff's allegations as to damages. We disagree. The testimony of Toliver and Turner was competent on this issue and it supported plaintiff's claim. This assignment is overruled.

III. The Trial Court's Findings Of Fact.

[7] Defendant contends that there was no evidence to support the trial court's findings of fact that plaintiff offered evidence tending to show that the actual cash value of its computer equipment destroyed in the fire was in excess of $100,000.00, that the list price of plaintiff's computer equipment as of August, 1979 was $217,073.00, and that the actual cash value of plaintiff's destroyed equipment was $75,000.00. Under cross-examination, Mr. Blumenthal testified that while his opinion of fair market value for plaintiff's destroyed equipment was $41,800.00, the list price was $127,073.00. The finding as to list price is an apparent numerical transposition and is harmless. The testimony of Blumenthal and Turner supports the trial court's finding that the actual cash value of plaintiff's destroyed equipment was in the amount of $75,000.00. These assignments are overruled.

IV. The Award Of Interest.

[8] Defendant contends that the trial court erred in awarding interest on plaintiff's recovery retroactive to 24 September 1979. The trial court concluded that plaintiff filed its proof of loss on 24

July 1979 and that the policy of insurance provided for payment within 60 days of the filing of proof of loss. These "conclusions" actually constitute findings of fact as to the dates involved and, taken together with the finding that defendant declined to pay the loss on 24 September 1979, amount to a conclusion that defendant breached its obligation to plaintiff 60 days after the filing of the proof of loss. The rule in such cases is that when recovery is had for breach of contract and the amount of the recovery is ascertained from the contract itself or from other relevant evidence, interest should be added to the recovery from the date of breach. *See Equipment Co. v. Smith*, 292 N.C. 592, 234 S.E. 2d 599 (1977); *Rose v. Materials Co.*, 282 N.C. 643, 194 S.E. 2d 521 (1973); *General Metals v. Mfg. Co.*, 259 N.C. 709, 131 S.E. 2d 360 (1963); *Brown v. Scism*, 50 N.C. App. 619, 274 S.E. 2d 897, *rev. denied*, 302 N.C. 396, 276 S.E. 2d 919 (1981); *Noland Co. v. Poovey*, 58 N.C. App. 800, 295 S.E. 2d 238 (1982). The general rule of allowing interest from the time of breach has been followed in decisions resolving actions on insurance policies. *See Ingold v. Assurance Co.*, 230 N.C. 142, 52 S.E. 2d 366, 8 A.L.R. 2d 1439 (1949); *Bank v. Insurance Co.*, 209 N.C. 17, 182 S.E. 702 (1935); *see also* Annot. 8 A.L.R. 2d 1445, 5 A.L.R. 4th 126; Hightower's N.C. Law of Damages, § 8-2 (1981). The trial court properly allowed interest on plaintiff's recovery from the date defendant breached its obligation to pay plaintiff's claim. This assignment is overruled.

For the reasons stated, we find no error and the judgment of the trial court is

Affirmed.

Judges HEDRICK and ARNOLD concur.