GUY J. NICHOLS AND EDNA B. NICHOLS, PLAINTIFFS/APPELLEES v. CAROLINA TELEPHONE AND TELEGRAPH COMPANY, DEFENDANT/APPELLANT

No. 883DC939

(Filed 18 April 1989)

**Contracts § 21.1— breach of contract—demand for payment not required**

Where defendant breached its contract to pay plaintiffs $2,000 upon plaintiffs' conveyance of a utility easement to defendant, the time when plaintiffs first made a demand for payment was of no legal significance, since defendant was required by law, without any prompting from plaintiffs, to pay the $2,000 along with interest thereon from the date of the breach.

APPEAL by defendant from *Ragan, Judge.* Judgment entered 21 April 1988 in District Court, PITT County. Heard in the Court of Appeals 22 March 1989.

*Willis A. Talton for plaintiff appellees.*

*Senior Attorney Robert Carl Voigt for defendant appellant.*

PHILLIPS, Judge.

Defendant's appeal is from an order of summary judgment holding that plaintiffs are entitled to recover of it $2,000 along with interest thereon from 19 September 1985 and their costs. The appeal is groundless, as were the defenses asserted in the trial court, and a motion by plaintiffs pursuant to G.S. 6-21.5 would seem to be warranted.

The record establishes the following without contradiction: Defendant, desiring to obtain the permanent use of a 20 by 25 foot tract of land in or near Greenville on which to erect a service building, had its agent, Medlin, approach plaintiffs on 19 September 1985 about acquiring a perpetual easement over land conveyed to them in 1974 by a deed recorded in Book G-42, at page 712, in the Office of the Pitt County Register of Deeds. After various negotiations between them it was agreed that plaintiffs would convey the requested easement, that defendant would pay them $2,000 for it, and that the easement would be conveyed and payment made in defendant's Greenville office four days later. On 23 September 1985, at the designated time, plaintiffs went to defendant's office, were submitted an utility easement on defendant's printed form, and were told by Medlin that the check was in the other room and would be given to them after they signed the easement. But after plaintiffs signed the easement before a notary public and gave it to Medlin he claimed, after going into the other office, that due to a misunderstanding the check was not ready but would be in a few days, and he promised in writing to deliver the check by 4 October 1985. During the months that followed plaintiffs went to defendant's office and telephoned many times without obtaining the check; and it was not until 6 June 1986 that defendant offered to pay $2,000, which plaintiffs refused to accept, contending that they were entitled to interest from the time that the easement was given. Defendant refused to pay more than $2,000, contending that it was not obligated to pay anything because their title lawyer could not certify that the land described

in plaintiffs' deed was the identical land described in earlier deeds in plaintiffs' chain of title, and that its offer to pay $2,000 was a good will gesture.

After being sued for $2,000 and interest for its breach of contract, in its answer defendant admitted that the understanding was that plaintiffs "would be paid $2,000 in consideration of the grant of easement," that the described easement was granted and received, and that payment had not been made. But instead of acknowledging, as was obvious, that its failure to pay the promised $2,000 was a breach of contract that entitled plaintiffs to payment and interest from the date of the breach, *Noland Company, Inc. v. Poovey*, 58 N.C. App. 800, 295 S.E. 2d 238 (1982), defendant filed answer arguing that no contract existed and irrelevantly and groundlessly asserted as affirmative defenses: That the oral agreement to pay the $2,000 was not enforceable because of the statute of frauds; that a mutual mistake was made because *its intent and usual practice* was to obtain an easement with a marketable title (which the agreement it prepared and recorded did not mention); that its title lawyer (for the reasons earlier stated) would not certify the marketability of the title; and that the agent who obtained the easement (which defendant recorded and holds) only had authority to obtain easements on land to which there was a marketable title! Based upon nothing but these obvious legal absurdities and irrelevancies defendant not only prayed in its answer for the dismissal of the action but for attorney's fees, and at the same time also moved for summary judgment. When the motion was heard the court denied it and *ex mero motu* entered summary judgment for plaintiffs.

The only assignment of error defendant brought forward in the brief—the others based upon the groundless defenses above referred to having been abandoned—is that the pleadings, affidavits, and other materials before the court raise a material question of fact as to when plaintiffs "first made a demand for payment." Why this question is thought to have legal significance to this appeal is not stated in either the assignment or the brief. In an attempt to support the assignment defendant did cite the well known rule of law that "parties to a contract may enlarge the time for payment, thereby avoiding default," 60 Am. Jur. 2d *Payment* Sec. 16 (1987); but it pointed to no evidence indicating that any such enlargement was agreed to and did not even argue that it had. Under the circumstances when if ever plaintiffs first de-

manded payment is of no legal significance whatever; for having breached its contract to pay plaintiffs $2,000 upon receiving the requested easement, defendant was required by the law, without any prompting from the plaintiffs or anyone else, to pay the $2,000 along with interest thereon from the date of the breach. There is one minor mistake in the judgment—allowing interest from 19 September when the agreement was made rather than 23 September when the easement was delivered; but since the mistake is not cited as error the judgment is affirmed as written.

Affirmed.

Judge COZORT concurs.

Judge PARKER concurs in the result.