METROMONT MATERIALS CORP., a South Carolina Corporation, Plaintiff v. R.B.R. & S.T., a North Carolina Limited Partnership, Defendant

No. COA94-1366

(Filed 7 November 1995)

**Interest and Usury § 5 (NCI4th)— breach—date properly determined by trial court**

N.C.G.S. § 24-5(a) (1991) clearly provides for interest from the date of breach in breach of contract actions, and the trial court, rather than the jury, properly determined that the date plaintiff issued its Certificate of Substantial Completion, rather than the date individual breaches were discovered, was the date of breach.

**Am Jur 2d, Interest and Usury § 87.**

**Comment Note.—Allowance of prejudgment interest on builder's recovery in action for breach of construction contract. 60 ALR3d 487.**

Appeal by plaintiff from judgment entered 21 April 1994 by Judge Lacy H. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 29 September 1995.

On 1 March 1988 plaintiff and defendant entered into a contract in which plaintiff agreed to design, fabricate, and install a parking deck at The Asheville Mall. On 4 May 1989 plaintiff issued a Certificate of Substantial Completion signifying that defendant could "occupy or utilize the [deck] . . . for the use for which it is intended, as expressed in the Contract Documents." After discovering multiple leaks in the deck, which defendant had anticipated would be "watertight," the parties entered into a change order to remedy the problem.

## METROMONT MATERIALS CORP. v. R.B.R. & S.T.

[120 N.C. App. 616 (1995)]

The change order provided that plaintiff would be entitled to the remainder of the contract balance upon completion of the remedial work. Upon completion, however, defendant remained unsatisfied and refused to pay the remainder of the contract balance. That refusal prompted plaintiff to file this action seeking $76,318.00 plus interest.

In March of 1992 defendant answered and counterclaimed, alleging that plaintiff breached the contract by failing, in many respects, to ensure adequate drainage. In June of 1993 defendant amended its counterclaim to allege additional flaws including (1) plaintiff's failure to use air-entrained concrete, as specified in the contract, (2) the improper installation of connection plates, leaving them exposed to the elements and susceptible to corrosion, and (3) the structural failure of at least three beams. In its reply plaintiff conceded some inadequacies were present, but denied many of defendant's allegations.

At the conclusion of the trial, the jury found that plaintiff had substantially performed the contract with defendant and awarded it $50,000.00 on its claim. In addition, it found that plaintiff breached the contract and awarded defendant $575,000.00 on its counterclaim. The trial judge entered judgment awarding plaintiff interest on the $50,000.00 award from 22 August 1991 and awarding defendant interest on its $575,000.00 award from 4 May 1989.

Plaintiff appeals.

*Roberts Stevens & Cogburn, P.A., by Marjorie R. Mann and William Clarke, for plaintiff appellant.*

*Kelly & Rowe, P.A., by E. Glenn Kelly and James Gary Rowe, for defendant appellee.*

ARNOLD, Chief Judge.

Plaintiff's sole assignment of error, under which it presents many contentions, is that the trial court erred in awarding prejudgment interest from 4 May 1989. It first argues that the trial court erred in awarding prejudgment interest because "[a]s a general rule the North Carolina Courts do not recognize the granting of prejudgment interest on unliquidated damages or those which are not readily ascertainable." We disagree.

Prejudgment interest on contracts is governed by N.C. Gen. Stat. § 24-5(a) (1991). Prior to its amendment in 1985, G.S. § 24-5(a) provided that "[a]ll sums of money due by contract of any kind . . . shall

bear interest." The statute did not address the date from which the courts were to apply interest. To fill this void, our appellate courts developed the rule that "[w]hen the amount of damages in a breach of contract action is ascertained from the contract itself, or from relevant evidence, or from both, interest should be allowed from the date of breach." *General Metals v. Manufacturing Co.*, 259 N.C. 709, 713, 131 S.E.2d 360, 363 (1963); *see also Parker v. Lippard*, 87 N.C. App. 43, 359 S.E.2d 492 (1987) (noting that the rule is used to determine when interest commences on a judgment for breach of contract).

The legislature amended G.S. § 24-5(a) in 1985 to provide that "[i]n an action for breach of contract, . . . the amount awarded on the contract bears interest from the date of breach." Subsequently, in *Steelcase, Incorporated v. The Lilly Company*, this Court noted that, as amended, G.S. § 24-5(a) "clearly provides for interest from the date of breach in breach of contract actions." *Steelcase, Inc. v. The Lilly Co.*, 93 N.C. App. 697, 703, 379 S.E.2d 40, 44, *disc. review denied*, 325 N.C. 276, 384 S.E.2d 530 (1989).

Here, both parties tailor their arguments to the case law developed prior to the 1985 amendment and the rule quoted from *General Metals*. However, it is clear to this Court that resort to that rule, developed only to determine the date from which to apply interest, is no longer necessary. When the legislature amended the statute, and provided a time from which to apply interest, it obviated any need for the rule. In doing so, it removed the confusing questions of ascertainment and certainty that so often muddled the statute's application. Because this case falls under the amended version of the statute, plaintiff's arguments do not apply, and the trial court did not err in awarding prejudgment interest.

Plaintiff next argues the trial court erred by determining the date of breach, maintaining that the question is for the fact finder. Once the relevant facts have been established entitling the party to damages, interest is awarded as a matter of law. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986); *Sampson-Bladen Oil Co. v. Walters*, 86 N.C. App. 173, 356 S.E.2d 805, *disc. review denied*, 321 N.C. 121, 361 S.E.2d 597 (1987). The trial court did not err by determining the date of breach, particularly where neither party sought to have the issue determined by the jury.

Plaintiff also argues the trial court erred by selecting 4 May 1989 as the date of breach. It contends that although some breaches were discovered or occurred by 4 May 1989, many were not discovered for another two to three years, and that interest should be allocated to

each separate breach from the time each was discovered. Again, we disagree. The trial court did not err by selecting 4 May 1989, the date plaintiff issued its Certificate of Substantial Completion, as the date of breach. In fact, what plaintiff suggests as the correct approach cannot be done because the jury was not asked to differentiate its damage award, nor was it asked to determine the dates on which each breach occurred.

Plaintiff presents additional questions for review. In large part these arguments reiterate many of the arguments already discussed. To the extent they do not, we have reviewed them and do not agree with plaintiff's contentions.

The trial court's judgment is

Affirmed.

Judges GREENE and SMITH concur.