FINN MORTENSEN v. MAGNETI MARELLI U.S.A., INC., F/D/B/A WEBER U.S.A., INC.

No. COA95-350

(Filed 21 May 1996)

**Labor and Employment § 63 (NCI4th)— employment at will— no breach of contract**

The relationship between plaintiff and defendant was terminable at the will of either party for any reason, and the trial court did not err in granting summary judgment for defendant on plaintiff's breach of contract claim since the terms of the employment agreement did not expressly state or imply that the employment was to be permanent or that the plaintiff could be discharged only for cause.

**Am Jur 2d, Master and Servant §§ 27-33.**

MORTENSEN v. MAGNETI MARELLI U.S.A.

[122 N.C. App. 486 (1996)]

**Modern status as to duration of employment where contract specifies no term but fixes daily or longer compensation. 93 ALR3d 659.**

**Recovery for discharge from employment in retaliation for filing workers' compensation claim. 32 ALR4th 1221.**

**Right to discharge allegedly "at-will" employee as affected by employer's promulgation of employment policies as to discharge. 33 ALR4th 120.**

Appeal by plaintiff from order entered 2 November 1994 in Wake County Superior Court by Judge Robert H. Hobgood. Heard in the Court of Appeals 27 March 1996.

*John C. Hunter for plaintiff-appellant.*

*Womble, Carlyle, Sandridge and Rice, by Charles A. Edwards and F. Bruce Williams, for defendant-appellee.*

GREENE, Judge.

Finn Mortensen (plaintiff) appeals an order granting summary judgment for Magneti Marelli U.S.A., Inc., f/d/b/a Weber U.S.A., Inc. (defendant).

In 1988 defendant advertised for a Product Manager in Remanufacturing in its Sanford, North Carolina plant. After an interview at defendant's Sanford plant, plaintiff was offered the job by letter from defendant dated 17 January 1989. The letter stated in pertinent part: "I am very pleased to offer you the position of Project Manager-Remanufacturing . . . . This offer is contingent upon obtaining your visa. Your annual salary will be $56,000." On or about 20 January 1989 plaintiff called defendant and accepted the offer and informed defendant that it would be "very easy" for him to get his labor certification and other necessary documents that would allow him to work permanently in the United States. On or about 27 January plaintiff notified his other employer, CAPCO, that he would be leaving that employment on 1 March 1989.

Although plaintiff was not able to secure his visa and other necessary documents by 1 March 1989, defendant employed plaintiff as a consultant pending plaintiff's receipt of the required documents that would allow him to permanently work and live in the United States. Prior to obtaining the visa, plaintiff and his family, in 1989, bought a

house in Cary, North Carolina, and relocated to Cary. Although the permanent visa was obtained in October 1992, defendant informed the plaintiff that he would not be hired as a full-time employee until 1 January 1993. Defendant, however, later informed plaintiff that he would not be employed full time and his last day of part-time employment would be 31 May 1993.

Plaintiff's complaint alleges that he has an "enforceable contract for employment" with the defendant and that defendant breached that contract. Defendant denied the allegations and moved for summary judgment on the grounds that the "relationship between the parties was terminable at will."

The issue is whether the relationship between the plaintiff and the defendant was terminable-at-will.

The general rule is that an "employee without a definite term of employment is an employee at will and may be discharged without reason." *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 446 (1989). This general rule, however, is subject to several statutory exceptions which "proscribe the discharge of an at-will employee in retaliation for certain protected activities." *Id.* Furthermore, the employer does not have the right to terminate an at-will employee for an "unlawful reason or purpose that contravenes public policy." *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 351, 416 S.E.2d 166, 168 (1992) (quoting *Coman*, 325 N.C. at 175, 381 S.E.2d at 447).

The plaintiff, while conceding that he was not terminated in violation of any statute or for an unlawful reason, argues that his at-will status was "converted into an enforceable . . . obligation" because he provided "consideration for the employment contract in addition to his mere rendering of the services contemplated by the employment agreement." We disagree.

The providing of additional consideration by the employee does not convert every employment-at-will agreement into an enforceable contract. If, however, the employment agreement expressly or impliedly provides that the employment will be permanent, for life or terminable only for cause *and* the employee gives an independent valuable consideration other than his services for the position, *see Sides v. Duke University*, 74 N.C. App. 331, 345, 328 S.E.2d 818, 828, *disc. rev. denied*, 314 N.C. 331, 335 S.E.2d 13 (1985); *Salt v. Applied Analytical, Inc.*, 104 N.C. App. 652, 658-59, 412 S.E.2d 97, 101 (1991),

**MORTENSEN v. MAGNETI MARELLI U.S.A.**

[122 N.C. App. 486 (1996)]

*cert. denied,* 331 N.C. 119, 415 S.E.2d 200 (1992); *Tuttle v. Lumber Co.,* 263 N.C. 216, 219, 139 S.E.2d 249, 251 (1964); John D. Calamari & Joseph M. Perillo, *The Law of Contracts* § 2-9 at 60-63 (3d ed. 1987); *see also* 30 C.J.S. *Employer-Employee* § 43, at 83 (1992), the employment can be terminated only for cause until the passage of a reasonable time. *See* 3A Arthur L. Corbin, *Corbin on Contracts* § 684 (1960 & Supp. 1994); *Tuttle,* 263 N.C. at 219, 139 S.E.2d at 251; 30 C.J.S. *Employer-Employee* § 43, at 83 (1992). After the passage of a reasonable time the employment relationship can be terminated without cause.

In this case we need not decide whether the plaintiff's relinquishment of his legal rights as a resident of Canada, his resignation from his former employment, and his relocation from Canada to North Carolina qualifies as additional consideration. *See Humphrey v. Hill,* 55 N.C. App. 359, 362, 285 S.E.2d 293, 296 (1982) (waiving right to pursue other employment does not constitute additional consideration). The terms of the employment agreement do not expressly state, or imply, that the employment was to be permanent or that the plaintiff could be discharged only for cause. It thus follows that the relationship between the plaintiff and the defendant was terminable at the will of either party for any reason and the trial court did not err in granting summary judgment for the defendant on the plaintiff's breach of contract claim.

In so holding, we also reject plaintiff's argument that even if the defendant had the right to terminate the relationship after the employment began, it had no right to terminate that relationship prior to the first day of employment. The time of termination is immaterial when the relationship between the parties is within the at-will doctrine. Thus the relationship was properly terminated prior to the day the plaintiff was to begin employment. *See Tatum v. Brown,* 29 N.C. App. 504, 505, 224 S.E.2d 698, 699 (1976) (Court upheld termination of prospective employee before she began the job).

Affirmed.

Judges JOHN and MARTIN, Mark D., concur.